UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-00630-CAS(FFMx) | Date | May 14, 2018 |
| Title | C&SM INT'L V. WHOLESALEFASHIONSQUARE.COM, INC. ET AL. | | |

Present: The Honorable     CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Chan Jeong | Avi Wagner |
| | Amy Durrence |

**Proceedings:**     MOTION TO DISMISS FILED BY DEFENDANTS MICHAEL S. KREMERMAN AND WHOLESALE FASHIONSQUARE.COM, INC. (Dkt. 24, filed April 26, 2018)

## I. INTRODUCTION

On January 24, 2018, plaintiff C&SM International ("C&SM") filed this action for copyright infringement, in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq., against defendants Wholesalefashionsquare.com, Inc. ("WFS"), Michael S Kremerman ("Kremerman") (hereinafter, collectively "defendants") and Does 1–10, inclusive. Dkt. 1 ("Compl."). Plaintiff asserts claims for direct, contributory, and vicarious copyright infringement based on defendants' alleged misuse of plaintiff's copyrighted textile design. Id.

On March 8, 2018, defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 13. On March 12, 2018, the parties filed a joint stipulation indicating that plaintiff planned to amend its complaint and accordingly defendants had agreed to withdraw their motion with leave to re-file a response to the complaint as amended. Dkt. 16. Plaintiff filed the operative first amended complaint on March 17, 2018. Dkt. 18 ("FAC").

On April 6, 2018, defendants filed the instant Rule 12(b)(6) motion to dismiss the FAC. Dkt. 25 ("Mot."). On April 23, 2018, plaintiff filed an opposition, dkt. 34 ("Opp'n"); and defendants filed a reply on April 30, 2018, dkt. 36 ("Reply"). The Court held a hearing on May 14, 2018. Having carefully considered the parties arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00630-CAS(FFMx) | Date | May 14, 2018 |
| Title | C&SM INT'L V. WHOLESALEFASHIONSQUARE.COM, INC. ET AL. | | |

## II. BACKGROUND

The operative FAC pleads the following facts.

Plaintiff C&SM is a South Korean corporation that creates, or purchases and obtains, exclusive rights to unique two-dimensional graphic artworks for use on textiles and garments, primarily in the fashion industry. FAC at 2, ¶ 4. C&SM is the owner and author of a two-dimensional artwork called "KAY2082Y" under the title "C&SM 31" (the "subject design"). Id. ¶ 13, Ex. A. C&SM applied to the United States Copyright Office for a copyright in the subject design and, on February 18, 2015, was granted Registration No. VA 1-948-951. Id. ¶ 14, Ex. B. C&SM formatted the subject design for use on textiles, sampled the subject design, and negotiated sales of fabric bearing the subject design. Id. ¶ 15.

WFS is a California corporation with its principal place of business in Vernon, California. Id. ¶ 5. Kremerman is the owner and principal of WFS.[1] Id. ¶ 6. Plaintiff alleges that WFS, without plaintiff's authorization, "purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design." Id. ¶ 17, Ex. C. Plaintiff alleges that Kremerman

> as the principal and the owner had [] control over WFS and its business transactions, and knowingly participated in WFS's purchase, online/offline sale, online/offline marketing, online/offline advertising, manufacturing, causing to be manufactured, importing and/or online/offline distributing fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design.

Id. ¶ 19. Plaintiff further alleges that defendants had access to the Subject Design through (1) access to C&SM's "showroom and/or design library"; (2) access to "illegally distributed copies of the Subject Design[] by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas

---

[1] The FAC names two additional defendants, Dygarni, Inc. d/b/a Luxmi and Lucy Hanrahan, but neither joined the instant motion to dismiss filed by WFS and Kremerman. See FAC ¶¶ 7–8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:18-cv-00630-CAS(FFMx) | Date | May 14, 2018 |
|---|---|---|---|
| Title | C&SM INT'L V. WHOLESALEFASHIONSQUARE.COM, INC. ET AL. | | |

converters and printing mills"; (3) access to C&SM's "strike-offs and samples"; and (4) access to "garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design[]." Id. ¶ 16.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-00630-CAS(FFMx) | Date | May 14, 2018 |
| Title | C&SM INT'L V. WHOLESALEFASHIONSQUARE.COM, INC. ET AL. | | |

in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## IV. DISCUSSION

Defendants move to dismiss the FAC on three grounds: (1) lack of standing based on California Corporations Code sections 2105 and 2203; (2) failure to allege facts sufficient to hold Kremerman individually liable for alleged copyright infringement by WFS; and (3) failure to state a claim for copyright infringement. Mot. at 5–17. In opposition, plaintiff requests that the Court sanction defendants for bringing the instant motion in bad faith. Opp'n at 17–19. The Court addresses each argument below.

### A. Standing under the California Corporations Code

California Corporations Code § 2105(a) provides that "[a] foreign corporation shall not transact intrastate business without having first obtained from the Secretary of State a certificate of qualification." A corporation that fails to obtain such a certificate "shall not maintain any action or proceeding upon any intrastate business so transacted in any court of this state." Cal. Corp. Code § 2203(c). A defendant moving to dismiss for lack of standing under these provisions bears the burden of proving that (1) the action arose out of plaintiff's transaction of intrastate business; and (2) the action was commenced prior to plaintiff qualifying to transact intrastate business. Hurst v. Buczek Enterprises, LLC, 870 F. Supp. 2d 810, 818 (N.D. Cal. 2012) (citations omitted). For purposes of qualification, " 'transact intrastate business' means entering into repeated and successive transactions of its business in this state, other than interstate or foreign commerce." Cal. Corp. Code § 191(a).

Defendants contend that plaintiff, a foreign corporation, does not have standing to maintain this action because it did not obtain a certificate of qualification from the Secretary of State. Mot. at 5–11.[2] Defendants' standing challenge is based on single

---

[2] Defendants ask the Court to take judicial notice that the California Secretary of State registration website, located at https://businesssearch.sos.ca.gov/, reflects no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-00630-CAS(FFMx) | Date | May 14, 2018 |
|---|---|---|---|
| Title | C&SM INT'L V. WHOLESALEFASHIONSQUARE.COM, INC. ET AL. | | |

allegation in the original complaint, which stated that "Plaintiff is a California-based company engaged in the apparel industry as a textile converter of imported and domestic fabrications." Compl. at 2. The original complaint, however, also alleged that C&SM is a South Korean corporation. Id. at 1, ¶ 4. Plaintiff indicates in opposition that the original complaint "incorrectly" stated C&SM was based in California, and the sentence was accordingly deleted from the FAC. Opp'n at 5.[3] Defendants argue that the FAC constitutes an "abuse of the amendment process" designed to make plaintiff's allegations "sufficiently vague to defer the determination of its standing until after discovery has begun." Mot. 7–8. Based on the allegation in the original complaint, defendants maintain that it is "implausible" that plaintiff "is not suing based on intrastate conduct." Id. at 10. Accordingly, defendants assert that the FAC must be dismissed.

Even taking the allegations of the original complaint into consideration, the Court finds that defendants have failed to satisfy their burden of proving that the instant action arose out of plaintiff's transaction of "intrastate business"—defined as "entering into repeated and successive transactions of its business in this state, other than interstate or foreign commerce." Cal. Corp. Code § 191(a). Defendants essentially ask the Court to dismiss the FAC based solely on inferences drawn from a single allegation in the original complaint—an allegation that plaintiff contends was made in error. Defendants have not provided any evidence suggesting that C&SM has engaged in repeated and successive intrastate business transactions in California. Given the lack of evidence at this early stage in the proceedings, the Court concludes that defendants have not met their burden

---

registration for C&SM. Dkt. 26. The Court may take judicial notice of the contents of public records from government websites. See US ex rel. Modglin v. DJO Global Inc., 48 F. Supp. 3d 1362, 1381–82, 1384 (C.D. Cal. 2014). Accordingly, defendants' request for judicial notice is **GRANTED**.

[3] Plaintiff's counsel, Chan Yong Jeong, has also submitted a declaration providing additional facts about C&SM's business operations in an effort to demonstrate that the company does not transact interstate business in California. See dkt. 34-1. However, the Court declines to consider this declaration because, in ruling on a Rule 12(b)(6) motion, the Court cannot consider material outside of the pleadings that is not subject to judicial notice. See In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d at 1537; Lee, 250 F.3d at 689.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-00630-CAS(FFMx) | Date | May 14, 2018 |
|---|---|---|---|
| Title | C&SM INT'L V. WHOLESALEFASHIONSQUARE.COM, INC. ET AL. | | |

and accordingly the motion to dismiss for lack of standing will be denied without prejudice.

### B. Defendant Kremerman's Individual Liability

Defendants next contend that the FAC fails to allege facts sufficient to hold Kremerman individually liable for alleged copyright infringement by WFS. Mot. at 11–13. The FAC alleges that Kremerman "knowingly participated in WFS' " alleged misconduct and that, as owner and principal of WFS, Kremerman "had control over WFS and its business transactions." FAC ¶ 19. Defendants maintain that plaintiff has "merely alleged bare and conclusory facts and legal conclusions that track with the elements of the claims it asserts" and accordingly the FAC fails to meet the pleading standard under Twombly and Iqbal. Mot. at 11–12.

Plaintiff relies on Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001 (9th Cir. 1985), in which the Ninth Circuit held that "[a] corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." Id. at 1021 (quotation marks omitted). This principle has been applied by district courts in the copyright infringement context. See, e.g., Digby Adler Grp. LLC v. Image Rent a Car, Inc., 79 F. Supp. 3d 1095, 1104 (N.D. Cal. 2015) (collecting cases). The Ninth Circuit has also noted that "[c]ases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, . . . or the 'central figure' in the challenged corporate activity." Davis v. Metro Prods., Inc., 885 F.2d 515, 524 n.10 (9th Cir. 1989); see also Deckers Outdoor Corp. v. Fortune Dynamic, Inc., No. 15-cv-769-PSG-SS, 2015 WL 12731929, at *8 (C.D. Cal. May 8, 2015) (collecting cases).

Although the FAC lacks detailed factual allegations regarding Kremerman's involvement in WFS's alleged infringement, the Court finds the pleading sufficient to plausibly allege individual liability under the Ninth Circuit's standard set forth in Transgo, 768 F.2d at 1021. Moreover, plaintiff's claim against Kremerman is not subject to the heightened pleading requirements that apply to allegations of alter ego liability—the principle that a corporate officer is personally liable for torts in which he participates "applies regardless of the piercing of the corporate veil." Chase Inv. Servs. Corp. v. Law Offices of Jon Divens & Assocs., LLC, 748 F. Supp. 2d 1145, 1182 (C.D. Cal. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00630-CAS(FFMx) | Date | May 14, 2018 |
| Title | C&SM INT'L V. WHOLESALEFASHIONSQUARE.COM, INC. ET AL. | | |

Accordingly, the Court finds that the FAC sufficiently states a claim for copyright infringement as to defendant Kremerman.

### C. Copyright Infringement

Finally, defendants contend that the FAC fails to state a claim for copyright infringement. "To establish copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." L.A. Printex Indus, Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). Absent direct evidence of copying, the plaintiff must establish copying by showing "(1) that the defendant had access to the plaintiff's work and (2) that the two works are substantially similar." Id. Defendants do not dispute that plaintiff owns a valid copyright, but argue that (1) plaintiff has not adequately alleged that defendants had access to its copyrighted work, and (2) the subject design and the accused designs are not substantially similar as a matter of law. Mot. 13–18.

### 1. Access to the Copyrighted Work

"Proof of access requires an opportunity to view or to copy plaintiff's work." L.A. Printex, 676 F.3d at 846 (internal quotation marks omitted) (citing Three Boys Music Corp. v. Bolton, 212 F.3d 477, 482 (9th Cir.2000)). "To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." Id. (quoting Art Attacks Ink, LLC v. MGA Entm't Inc., 581 F.3d 1138, 1143 (9th Cir. 2009). "Absent direct evidence of access, a plaintiff can prove access using circumstantial evidence of either (1) a 'chain of events' linking the plaintiff's work and the defendant's access, or (2) 'widespread dissemination' of the plaintiff's work." L.A. Printex, 676 F.3d at 847 (quoting Three Boys Music, 212 F.3d at 482).

Plaintiff alleges defendants had access to the copyrighted work through (1) plaintiff's "showroom and/or design library"; (2) "illegally distributed copies" of the subject design by third-party vendors or Doe defendants; (3) plaintiff's strike-offs and samples; and (4) garments in the marketplace manufactured with lawfully printed fabric bearing the subject design. FAC ¶ 16. Plaintiff further alleges that it engaged in conduct that widely disseminated the pattern to the market: "Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design, and negotiated sales of fabric bearing the Subject Design." Id. ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-00630-CAS(FFMx) | Date | May 14, 2018 |
| Title | C&SM INT'L V. WHOLESALEFASHIONSQUARE.COM, INC. ET AL. | | |

Defendants contend that these allegations are "speculative and conclusory" and therefore insufficient to plausibly allege access under Twombly and Iqbal. Mot. at 17. Again, however, the Court finds that the allegations in the FAC, while not detailed, are nevertheless sufficient to plausibly allege that defendants had access to the Subject Design either through a chain of events or widespread dissemination. Defendants' arguments regarding access, as with Kremerman's individual liability, are more properly raised in a motion for summary judgment.

### 2. Substantial Similarity

Defendants argue that the subject design and the accused garments are not substantially similar as a matter of law. Mot. 13–15. The Ninth Circuit applies a two-part test in determining whether two works are substantially similar: the "extrinsic test is an objective comparison of specific expressive elements [that] focuses on the articulable similarities between the two works"; the "intrinsic test is a subjective comparison that focuses on whether the ordinary, reasonable audience would find the works substantially similar in the total concept and feel of the works." L.A. Printex, 676 F.3d at 848 (internal citations and quotations omitted).

"Only the extrinsic test is assessed prior to a jury trial (i.e., in a motion to dismiss or on summary judgment) because the intrinsic test, which examines an ordinary person's subjective impressions of the similarities between two works, is exclusively the province of the jury." Zella v. E.W. Scripps. Co., 529 F. Supp. 2d 1124, 1133 n.8 (C.D. Cal. 2007) (internal quotations omitted). In applying the extrinsic test, courts "distinguish protectible from unprotectible elements and ask only whether the protectible elements in the two works are substantially similar." L.A. Printex, 676 F.3d at 849. "In comparing fabric designs, we examine the similarities in their objective details in appearance, including, but not limited to, the subject matter, shapes, colors, materials, and arrangement of the representations." Id. "Original selection, coordination, and arrangement of unprotectible elements may be protectible expression." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-00630-CAS(FFMx) | Date | May 14, 2018 |
| Title | C&SM INT'L V. WHOLESALEFASHIONSQUARE.COM, INC. ET AL. | | |




Defendants assert that the FAC "implies" that plaintiff sought copyright registration of the subject design in a dominant green shade with multi-colored pink, blue and orange color scheme. Mot. at 14. Defendants argue that the copyright is consequently "limited in its scope to those colors." Id. The accused designs, on the other hand, are largely white, black or a reddish-orange. See FAC, Ex. C. Accordingly, defendants argue that the subject design "deviates so significantly from the allegedly infringing design that they cannot be substantially similar." Mot. at 14. Defendants rely on Eden Toys, Inc. v. Marshall Field & Co., 675 F.2d 498 (2d Cir. 1982), a case in which the Second Circuit held that the evidence was sufficient to support the district court's determination on summary judgment that two snowman toys were not substantially similar—notwithstanding that two snowmen were roughly same size—in view of differences in shape, stitching, texture, and the location of various features. Id. at 500.

Although the subject design and the various accused products have different color schemes, the designs are otherwise sufficiently similar in their selection, coordination, and arrangement of various shapes and motifs to warrant the denial defendant's motion to dismiss. The Ninth Circuit has noted that a "copyright defendant need not copy a plaintiff's work in its entirety to infringe that work. It is enough that the defendant appropriated a substantial portion of the plaintiff's work." L.A. Printex, 676 F.3d at 852.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-00630-CAS(FFMx) | Date | May 14, 2018 |
| Title | C&SM INT'L V. WHOLESALEFASHIONSQUARE.COM, INC. ET AL. | | |

The Ninth Circuit has also warned that "[s]ummary judgment is not highly favored on questions of substantial similarity in copyright cases," id. at 848, "suggesting the same is true for resolving the issue of substantial similarity at the motion-to-dismiss stage." Acmet, Inc. v. Stage Stores, Inc., No. CV 15-4666-GHK (JCX), 2015 WL 12552063, at *2 (C.D. Cal. Sept. 17, 2015). Accordingly, the Court concludes that defendants have failed to establish that the subject design and the accused products are not substantially similar as a matter of law.

### D. Sanctions

Plaintiff asserts that defendants' arguments are unsupported by law and that the instant motion was brought in bad faith. Accordingly, plaintiff requests monetary sanctions against defendants for litigation misconduct pursuant to the Court's inherent power. Opp'n at 17–19. District courts have "inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001). Here, however, the arguments raised by defendants are not frivolous, and there is no indication that the motion to dismiss was brought in bad faith or for any improper purpose. Plaintiff's request for sanctions is accordingly **DENIED**.

### V. CONCLUSION

In accordance with the foregoing, the Court hereby **DENIES** defendants' motion to dismiss.

IT IS SO ORDERED.

| | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |